**WENFANG DONG, Petitioner,**

v.

**Eric H. HOLDER, JR., United States Attorney General, Respondent.**

No. 11–5444–ag.

United States Court of Appeals, Second Circuit.

Aug. 2, 2012.

Vlad Kuzmin, New York, NY, for Petitioner.

Gregory Katsas, Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; T. Bo Stanton, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Wenfang Dong, a native and citizen of China, seeks review of a June 27, 2008, BIA decision denying her motion to reopen. *In re Wenfang Dong,* No. A096 266 139 (B.I.A. June 27, 2008). The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 157–58, 168–69 (2d Cir.2008).

Dong's motion to reopen was based on her claim that she fears persecution on account of the birth of her second child in the United States in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao,* 546 F.3d 138, we find no error in the BIA's denial of Dong's motion. *See id.* at 158–72.

The BIA reasonably determined that Dong failed to submit any evidence to support her assertion that she would likely be sterilized or otherwise persecuted based on her prior intrauterine device ("IUD") procedure. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99

L.Ed.2d 90 (1988) (recognizing that failure to offer new, previously unavailable evidence establishing a *prima facie* case for the underlying relief sought is a proper ground on which the BIA may deny a motion to reopen). We are without jurisdiction to consider Dong's argument that the agency erred in finding that she failed to establish past persecution based on her IUD procedure because she did not petition for review of that decision. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001) (providing that when an alien timely petitions for review from the denial of a motion to reopen, but not from the underlying affirmance of another decision, this Court may review only the denial of the motion). We decline to consider Dong's argument that she demonstrated other resistance to the family planning policy with the removal of her IUD because she failed to exhaust that argument before the BIA. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 122 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).